UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SUSTAINABLE MODULAR MANAGEMENT, INC., | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 1:16-cv-02915-JMS-MJD |
| vs. | ) |
| CUSTOM MECHANICAL SYSTEMS, CORP. also known as CMS CORPORATION, LEXON INSURANCE COMPANY, | ) |
| Defendants. | ) |
| CUSTOM MECHANICAL SYSTEMS, CORP., | ) **ORDER ON PLAINTIFF'S** |
| Counter Claimant, | ) **MOTION TO AMEND JUDGMENT** |
| vs. | ) |
| SUSTAINABLE MODULAR MANAGEMENT, INC., | ) |
| Counter Defendants. | ) |
| CUSTOM MECHANICAL SYSTEMS, CORP., | ) |
| Third Party Plaintiff, | ) |
| vs. | ) |
| GREAT AMERICAN INSURANCE COMPANY, | ) |
| Third Party Defendants. | ) |

**ORDER**

This case involves the Miller Act, which requires bonds for certain types of government construction contracts. Subcontractor Sustainable Modular Management, Inc. ("SMM") brought suit against prime contractor Custom Mechanical Systems, Corp., also known as CMS Corporation ("CMS"), and surety Lexon Insurance Company ("Lexon"), related to a construction project at a Marine Corps Base in Hawaii. SMM alleged breach of contract and quantum meruit claims against CMS and a payment bond claim against Lexon. [Filing No. 14 at 4-5.] On May 5, 2017, this Court dismissed several of SMM's claims against CMS and Lexon. [Filing No. 59.] SMM then filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, [Filing No. 63], which is now ripe for the Court's review. In addition, CMS and Lexon filed a Motion to file a Sur-Reply in opposition to SMM's Motion, [Filing No. 72], which the Court will also consider herein.

**I.**
**LEGAL STANDARD**

SMM styled their Motion a "Motion to Alter or Amend Judgment," citing Rule 59(e) of the Federal Rules of Civil Procedure. [Filing No. 63 at 1.] Rule 59(e), however, only applies when a party seeks the reconsideration of a ruling that was accompanied with a final judgment. *See* Fed.R.Civ.P. 59(e); *see also Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461, 472 (7th Cir. 2017) (explaining that "an order disposing of less than all claims of all parties does not qualify as a final judgment unless the district court enters a Rule 54(b) certification that there is no just reason for delay and that the judgment is indeed final for the party and claim so certified"); *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010) ("We have often held that the simple dismissal of a complaint does not terminate the litigation") (quotation omitted). In its order dismissing several of SMM's claims, the Court noted that if SMM declined to file a Second Amended Complaint, then CMS

1

should advise whether the Court could enter final judgment in its favor. [Filing No. 59 at 17.] On May 22, 2017, SMM filed an Amended Complaint, [Filing No. 61], and, as a result, the Court has not yet issued judgment in this case. Therefore, the Court cannot consider SMM's Motion under Rule 59(e).

Instead, the Court will construe SMM's Motion as a motion to reconsider. The Seventh Circuit has noted that "[t]echnically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure." *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 F. App'x 382, 384 (7th Cir. 2002). However, Rule 54(b) of the Federal Rules of Civil Procedure "governs non-final orders and permits revision at any time prior to the entry of judgment. . . ." *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Under Rule 54(b), the Court may exercise its inherent authority to reconsider or revise its interlocutory orders. *Bell v. Taylor*, 2015 WL 13229553, at *2 (S.D. Ind. Dec. 4, 2015). Such motions to reconsider perform "a valuable function" in the limited circumstances wherein the Court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the Court by the parties, or (3) made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In addition, a motion to reconsider may be appropriate when a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court. *Id*. Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* at 1191.

## II.
### DISCUSSION

### A. Defendants' Motion for Leave to File a Sur-Reply [Filing No. 72]

At the outset, the Court notes that CMS and Lexon (collectively, "<u>Defendants</u>") filed a Motion to File a Sur-Reply. [Filing No. 72.] "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir.

2

2011). Defendants argue that SMM raised a new issue in its reply brief by requesting to amend its Complaint. [Filing No. 72 at 3.] SMM opposes Defendants' Motion, claiming that it raised no new issues in its reply and had explicitly requested to amend its pleading in the original motion. [Filing No. 78 at 2.] Comparing the two documents filed by SMM – its brief in support of it Motion to Reconsider, [Filing No. 64], and its reply brief, [Filing No. 71] – reveals that the former makes brief mention of amending the Complaint, while the latter contains a detailed argument to that effect, including citations to Seventh Circuit authority. As such, the Court exercises its discretion to consider Defendants' proposed surreply in order to allow Defendants to respond to the substantive arguments set forth in SMM's reply. Defendants' Motion for Leave to File a Sur-Reply is therefore **GRANTED**.[1]

### B. SMM's Motion to Reconsider [Filing No. 63]

In support of its Motion to Reconsider, SMM makes both procedural and substantive arguments. SMM first argues that the Court "misapplied the standard" of review for a Rule 12(b)(6) motion to dismiss, [Filing No. 64 at 2], and that, at a minimum, the Court should have allowed SMM to "replead its claim in its Second Amended Complaint, stating in more detail the factual basis of its claims for additional compensation," [Filing No. 64 at 4]. Substantively, SMM argues that the Court and Defendants relied upon the wrong portions of the contracts at issue to determine SMM's claims for additional compensation. [Filing No. 64 at 7-9 (arguing that SMM's claims for additional compensation are governed by Section 6.5 of the contracts, rather than Sections 6.1, 6.2 or 6.6).] In addition, SMM argues that "strict application" of certain contract provisions was "modified by the parties' conduct." [Filing No. 64 at 10-13.]

---

[1] The Court notes that Defendants' Surreply is not outcome determinative in this case. Even setting aside the Surreply, SMM nonetheless failed to establish that reconsideration is appropriate under applicable Seventh Circuit authority, as explained in Part II.B.

In response, Defendants argue that SMM's Motion to Reconsider fails to articulate any basis under FRCP Rule 59 and constitutes an inappropriate second bite at the apple. [Filing No. 67 at 4-6.] In addition, Defendants state that SMM "presented its 'new' evidence without making any showing that the evidence was 'unavailable'" when SMM responded to the Motion to Dismiss. [Filing No. 67 at 6.] Regarding SMM's argument that it should have been allowed to amend its Complaint, Defendants point out that SMM never attempted to do so while the Motion to Dismiss was pending. [Filing No. 67 at 6, n.2.] Finally, Defendants respond to SMM's substantive contractual arguments by arguing that SMM cannot show contractual entitlement to additional costs. [Filing No. 67 at 6-17.]

In its reply, SMM requests to re-plead its claim and states that, "[w]hether styled as a Rule 59(e) motion or a motion for reconsideration, SMM believes that several viable theories of liability are available to show a right to relief for compensation related to the additional work." [Filing No. 71 at 4.]

In its surreply, Defendants allege that SMM's arguments in its Motion to Reconsider differ significantly from its arguments in opposition to the Motion to Dismiss and that any attempt on SMM's part to amend its Complaint is futile. [Filing No. 72-1 at 3-4.] Further, Defendants reiterate that SMM never filed a motion for leave to amend its complaint and that it cannot show good cause to do so. [Filing No. 72-1 at 5-6.]

As SMM concedes, Motions to Reconsider are typically met with skepticism. [Filing No. 71 at 1.] As set forth in Part I, the Seventh Circuit has set forth the limited circumstances in which motions to reconsider are valuable. *See Bank of Waunake*, 906 F.2d at 1191. However, none of the four circumstances set forth in *Bank of Waunke* are present in this case.

First, SMM does not allege that a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court.

4

Second, to the extent that SMM alleges that the Court made a decision outside the adversarial issues presented to the Court by the parties, that argument is unavailing. The closest SMM gets to making such an argument is when it alleges that the Court misapplied the standard for determining a motion to dismiss by ruling on the merits of SMM's claims for additional compensation. [Filing No. 64 at 3.] In making this argument, SMM states that "no evidence was admitted to . . . support the allegations in the Amended Complaint" and that the Court "was only tasked with reviewing the allegations in the Amended Complaint for sufficiency." [Filing No. 64 at 3.] However, this argument is both inaccurate and misstates the Court's task in considering a motion to dismiss on a contract claim. It is inaccurate because SMM attached two subcontracts to the Complaint, [Filing No. 14-2; Filing No. 14-3], both of which the Court properly considered in granting Defendants' Motion to Dismiss, [Filing No. 59]. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citing, *inter alia*, Fed.R.Civ.P. 10(c) and providing that a motion under Rule 12(b)(6) can be based "on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice"). Additionally, SMM misstates the Court's task because when "a plaintiff's cause of action arises out of a contract which is attached to the complaint as an exhibit, and such attachment shows unambiguously on its face that the relief prayed for is not merited, dismissal is both justified and appropriate." *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 876 (7th Cir. 1995) (citations omitted). Here, the Court properly considered the Complaint, as well as the documents attached thereto in ruling on the Motion to Dismiss. As such, the Court did not decide issues outside of the adversarial issues presented to the Court by the parties such that reconsideration is appropriate.

Finally, SMM never alleges that the Court misunderstood its arguments or made an error in apprehension. Instead, SMM makes several arguments for the first time in its Motion to Reconsider. In this regard, SMM, like the plaintiff in *Bank of Waunakee*, "was not a misunderstood

5

litigant," but "merely an irresolute litigant that was uncertain what legal theory it should pursue." 906 F.2d at 1192. For example, SMM argues in its Motion to Reconsider that its claim for additional compensation is governed by Section 6.5 of the contracts at issue; however, SMM's response in opposition to the Motion to Dismiss makes no mention whatsoever of Section 6.5. [Filing No. 41 (Response to the Motion to Dismiss containing no mention of Section 6.5); Filing No. 64 at 7 (Motion to Reconsider stating that "SMM's claim for additional compensation falls directly under Section 6.5 of the Contracts").] It is well settled that motions to amend or correct a judgment are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). The same can be said of motions to reconsider under Rule 54(b). *See Tucker v. Holding*, 2016 WL 7100652, at *1 (S.D. Ind. Dec. 6, 2016) (noting that motions to reconsider under rule 54(b) are judged by "largely the same standard" as a motion to alter or amend a judgment under Rule 59(e)). Accordingly, SMM cannot now proffer arguments in a Motion to Reconsider that it failed to make in opposition to the Motion to Dismiss.[2] Moreover, the Court cannot be said to have misunderstood or misapprehended arguments at the motion to dismiss stage that SMM failed to make.

---

[2] SMM gives no explanation as to why it did not make its latest arguments in its February 21, 2017 Response in Opposition to the Motion to Dismiss. The contractual provisions that are the subject of SMM's Motion to Reconsider are contained in the contracts that are attached to its December 20, 2016 Amended Complaint. [Filing No. 14.] Thereafter, not only was SMM afforded an opportunity to oppose the Motion to Dismiss, SMM was also granted an enlargement of time in which to file its response. [Filing No. 32.] Moreover, the response that SMM filed was well under the page limitations set forth by Local Rule 7-1(e)(1) for the United States District Court for the Southern District of Indiana.

As a final matter, the Court will briefly address SMM's argument that it should be allowed to amend its Second Amended Complaint. Here again, *Bank of Waunakee* is instructive, noting that the plaintiff in that case "never moved to amend its complaint nor did it submit an amended complaint" and providing that "[t]he district court was under no obligation to sua sponte amend the [plaintiff's] complaint." 906 F.2d at 1192. The same can be said of SMM, which never moved to amend its complaint prior to the Court's order on the Motion to Dismiss and now argues that "when the Court granted CMS's Rule 12(b)(6) motion . . . the Court also denied SMM the opportunity to re-plead *any* claim based on additional work performed by SMM, even though other legal theories, such as fraud, fraudulent inducement, waiver, ratification, or prevention of performance, will support such a claim." [Filing No. 71 at 3.] SMM fails to point to any reason why such arguments could not have been made in response to Defendants' Motion to Dismiss. *See Geinosky*, 675 F.3d at 745 n.1 (noting that a plaintiff "has much more flexibility in opposing a Rule 12(b)(6) motion" than does a movant in that "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove"). To the extent that SMM has legal theories underlying its claims that are consistent with the pleadings, such theories could have been set forth in opposition to the Motion to Dismiss without amending the complaint.

In addition, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend a complaint once as a matter of course in response to a motion to dismiss. *See Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (noting that the plaintiff "was entitled to amend his complaint to flesh out his original claims or attempt to cure any jurisdictional or legal defects" under Rule 15 and that "whether to allow an amendment was out of the court's hands entirely"); *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011). The 2009 notes to Rule 15 emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid

the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." SMM chose not to amend its Complaint in response to Defendants' Motion to Dismiss, opting instead to brief the motion and adjudicate the issues. The Court is not required to give SMM another chance to plead its claims because it has already had an opportunity to cure deficiencies in their pleadings. *See [Emery v. American General Finance, Inc.](), 134 F.3d 1321, 1323 (7th Cir. 1998)*.

In short, none of the circumstances described in *Bank of Waunakee* are present in this case. Accordingly, there is no basis for this Court to reconsider its prior decision or to allow SMM to amend its Second Amended Complaint, and SMM's Motion to Reconsider, [Filing No. 63], is therefore **DENIED**.

### III.
#### CONCLUSION

For the reasons stated herein, Defendants' Motion for Leave to File a Sur-Reply, [Filing No. 72], is **GRANTED** and SMM's Motion to Alter or Amend Judgment, [Filing No. 63], which the Court treats as a Motion for Reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, is **DENIED**.

Date: 10/4/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Electronic Distribution to all Counsel of Record via CM/ECF**